Susan H. **BANKS**, Plaintiff,

v.

**HEUN–NORWOOD, DIVISION OF MOGUL CORPORATION, Defendant.**

No. 76–109 C (1).

United States District Court,
E. D. Missouri, E. D.

Feb. 17, 1977.

Gerald R. Ortbals, Ziercher, Hocker, Tzinberg, Human & Michenfelder, Clayton, Mo., for plaintiff.

Donald H. Clooney, Douglas B. Brockhouse, Thomas, Busse, Cullen, Clooney & Ottsen, St. Louis, Mo., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MEREDITH, Chief Judge.

This matter was tried to the Court, and the Court has been duly advised by testimony, exhibits and briefs.

*Findings of Fact*

1. Plaintiff is a married, white, female, who moved from California to Missouri in September 1973.

2. Defendant is a corporation engaged in the manufacture and sale of pharmaceutical products. The Division in question is located in St. Louis County, Missouri, and, at the time in question, employed 125 employees, sixty-one percent of whom were women. In the Department of Accounting fifteen people were employed, thirteen of whom were women and two were men.

3. Defendant placed an advertisement in the newspaper in November 1973 for an "Accountant Young man with college degree. General accounting, through profit and loss. All detail journal entries. . . . Own transportation needed for West County location. 567–1546".

4. On our about November 8, 1973, plaintiff called the telephone number listed in the ad and was referred to the Personnel Department and talked to a man, who, it later developed, was Orville E. Helmich, who was in charge of the St. Louis Division. Their conversation was substantially as follows: plaintiff advised that she had called concerning the ad for an accountant. The male voice replied that the ad stated that a young man was wanted. Plaintiff responded "Don't you know this is illegal. I have a college degree and accounting experience." The male voice replied, "We hire many women. What are your salary requirements?" Plaintiff responded, "A thousand dollars per month." The male voice replied, "This job pays from $650 to $700 per month." With that the plaintiff hung up the phone without revealing her name to the male voice. She later called the number and found out that this was the number for Heun-Norwood, Division of Mogul Corporation.

5. Several days later, plaintiff telephoned the Equal Employment Opportunity Commission office and made a complaint and on November 16, 1973, sent in a handwritten complaint. On October 29, 1974, she made a further complaint under oath, supplementing her original complaint. On November 17, 1975, a right-to-sue letter was sent to the plaintiff and suit was filed on February 11, 1976.

6. Plaintiff applied for a job at other places and accepted a part-time job at Midwest Cardboard Company, and in July 1974 plaintiff accepted employment at Kelleys at $2.65 per hour, which amounted to approximately $425 per month on a forty-hour week basis. On December 9, 1974, she accepted an accounting job with Mallinckrodt, Inc., for $950 per month. Plaintiff's total earnings from November 1973 to December 1974 were $1,366.

7. In November 1973, defendant employed a young man to fill the position in the ad. His starting salary was $600 per month and in the latter part of February 1974 his salary was raised to $700 per month. On August 1, 1974, his salary was raised to $780 per month.

8. The EEOC sent out an investigator who took a statement from Mr. Helmich on May 9, 1975. It was not until this time that defendant was aware of the identity of the person making the call in answer to the ad in November 1973.

### Conclusions of Law

1. This Court has jurisdiction under the provisions of 42 U.S.C. § 2000e et seq.

2. Defendant is entitled to more than a telephone call from an unknown person who does not identify herself before it can be said to have refused employment because of sex. The Court is of the opinion that plaintiff did not make a formal application or pursue the matter further because the salary range was too low.

3. The Court finds no sex discrimination on the basis of the facts in this particular case. Judgment will be rendered for the defendant and against the plaintiff and the cause will be dismissed with prejudice at plaintiff's cost.